UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DESMOND WILLIAMS, | **No. 6:11-CR-06128 (MAT)** |
| | **No. 6:16-CV-06410 (MAT)** |
| Movant, | |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

**I.   Introduction**

Proceeding *pro se*, movant Desmond Williams ("Williams"), a federal prisoner, moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On May 11, 2012, Williams was convicted, based on his plea of guilty, of possessing ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). See doc. 34. Williams was sentenced to a term of sixty-five months imprisonment.

**II.   Discussion**

Williams was sentenced as a career offender under the United States Sentencing Guidelines ("the Guidelines"). See U.S.S.G. §§ 4B1.1, 4B1.2. In Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which is identical to that contained in the Guidelines. As noted in his plea agreement, Williams' sentence was enhanced based was a 2008

conviction, in Muscogee County, Georgia, for aggravated assault under Georgia law. See doc. 29 at 3. The Georgia conviction was considered a "crime of violence," see U.S.S.G. § 4B1.2(a), and Williams' base offense level was thus enhanced pursuant to U.S.S.G. § 2K2.1(a)(4)(A).

The question at issue in this case is whether Williams' Georgia conviction was considered a crime of violence pursuant to the residual clause of the Guidelines, (and therefore his sentence would be rendered unconstitutional by Johnson), or whether the Georgia conviction was considered a crime of violence pursuant to another relevant clause of the Guidelines (and therefore Johnson would be inapplicable).

### A.   Waiver of Collateral Attack in the Plea Agreement

Respondent argues that Williams is barred from bringing this motion because his plea agreement contained a waiver of collateral attack. This argument is unpersuasive. Although the plea agreement does contain a waiver (see doc. 29 at 9-10), that waiver is unenforceable if, indeed, Williams' sentence is unconstitutional as he argues. See Williams v. United States, 2016 WL 4917017, *3 (W.D.N.Y. Sept. 15, 2016) (citing United States v. Torres, 2016 WL 3770517, *8 (9th Cir. July 14, 2016)); see also United States v. Rosa, 123 F.3d 94, 101 (2d Cir. 1997). Therefore, the collateral attack waiver does not preclude the Court from entertaining Williams' present motion.

### B. The Sentencing Guidelines and Johnson's Application Thereto

This Court has previously decided that, because the language is identical, the Guidelines residual clause, U.S.S.G. 4B1.2(a)(2), was rendered unconstitutionally vague under Johnson. See Lee (Antonio Demario) v. USA, 1:07-CR-00238 (MAT) (W.D.N.Y. Apr. 18, 2016) (Decision & Order, pp. 19-23) (collecting cases). In Welch v. United States, __ U.S. __, __, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson had retroactive effect, and under that same reasoning, this Court applies Johnson retroactively to Williams' challenge under the Guidelines. See, e.g., In re Patrick, 2016 WL 4254929, *3 (6th Cir. Aug. 12, 2016) ("The Supreme Court's rationale in Welch for finding Johnson retroactive applies equally to the Guidelines."). Moreover, "[b]ecause of the 'substantial similarity between the ACCA's definition of "violent felony" and the [Career Offender] Guidelines' definition of "crime of violence," authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase.'" United States v. Jones, 2016 WL 3923838, *3 (2d Cir. July 21, 2016) (citing United States v. Walker, 595 F.3d 441, 443 n.1 (2d Cir. 2010)).

At the time of Williams' sentencing, the Guidelines defined a "crime of violence" as an offense punishable by more than a year imprisonment which "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a*

3

*serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a). The emphasized clause is the residual clause, which is identical to the ACCA's residual clause, and was rendered unconstitutional by Johnson. See 135 S. Ct. at 2563. Therefore, if Williams was sentenced under the residual clause, his sentence would be rendered unconstitutional by Johnson. If he was sentenced under subsection (1) (the "force clause" or "elements clause"),[1] Johnson would not invalidate his sentence.

### C. The Categorical and Modified Categorical Approaches

In order to determine whether Williams' Georgia conviction is a crime of violence for purposes of the Guidelines, the Court applies the "categorical approach." See Walker, 595 F.3d at 444 n.1 ("[W]e apply the same categorical approach irrespective of whether the enhancement is pursuant to the ACCA or the Guidelines."). Under that approach, the Court may look only to the elements of a defendant's prior conviction, not "to the particular facts underlying those convictions." Descamps v. United States, __ U.S. __, __, 133 S. Ct. 2276, 2283 (2013). If the elements of the crime of conviction "cover a greater swath of conduct than the element of the relevant [Guidelines] offense," then the conviction does not qualify as a predicate offense under the Guidelines. Mathis v. United States, __ U.S. __, __, 136 S. Ct. 2243, 2251 (2016).

---

[1] The Guidelines have since been amended to eliminate the residual clause, and aggravated assault was added to the list of enumerated offenses in subsection (2). U.S.S.G. § 4B1.2(a)(2) (eff. Aug. 1, 2016). At the time of Williams' sentencing, however, aggravated assault was not an enumerated offense under the Guidelines.

The modified categorical approach applies when the statute under which the defendant was convicted is a divisible statute – i.e., it lists multiple elements, so that the statute effectively creates multiple crimes. See Descamps, 133 S. Ct. at 2285. When a divisible statute is at issue, the Court is permitted to examine certain documents, commonly referred to as "Shepard documents," see Shepard v. United States, 544 U.S. 13 (2005), to ascertain the subsection of the statute under which the defendant pled. As the Second Circuit explained in United States v. Moreno, 821 F.3d 223, 228 (2d Cir. 2016):

> When applying the modified categorical approach, courts may consider the facts underlying the prior conviction to determine to which section of a divisible statute the defendant pled. However, that inquiry is narrowly circumscribed, and is limited, in the context of guilty pleas, to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

Id. (quoting Shepard, 544 U.S. at 26).[2] The presentence investigation report ("PSR") is not an acceptable Shepard document. See United States v. Rosa, 507 F.3d 142, 156 (2d Cir. 2007).

Thus, under the modified categorical approach, the Court employs a "two-step process: 'first, [it] determine[s] if the statute is divisible, such that some categories of proscribed conduct render an [enhancement appropriate] and some do not;

---

[2] Where a defendant's prior conviction was based on a conviction after trial, "the modified categorical approach allows a court to 'determine which statutory phrase was the basis for the conviction' by consulting Shepard-approved documents from the trial record." United States v. Beardsley, 691 F.3d 252, 274 (2d Cir. 2012); see generally Taylor v. United States, 495 U.S. 575 (1990).

5

second, [it] consult[s] the record of conviction to ascertain the category of conduct of which the [defendant] was convicted." United States v. Moreno, 821 F.3d 223, 227 (2d Cir. 2016) (quoting Lanferman v. Bd. of Immigration Appeals, 576 F.3d 84, 88–89 (2d Cir. 2009) (internal quotation marks omitted)).

### D. Applying the Modified Categorical Approach to the Georgia Aggravated Assault Statute

The parties concede the divisibility of the Georgia aggravated assault statute, which requires the commission of a simple assault under Georgia law and the presence of an enumerated aggravating factor. A simple assault is committed by either "(1) [a]ttempt[ing] to commit a violent injury to the person of another; or (2) [c]ommit[ting] an act which places another in reasonable apprehension of immediately receiving a violent injury." O.C.G.A. § 16-5-20(a). A person commits an aggravated assault when he commits a simple assault:

> (1) With intent to murder, to rape, or to rob;
>
> (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury;
>
> (3) With any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in strangulation; or
>
> (4) A person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons.

O.C.G.A. § 16-5-21(b).

In this case, the Court cannot determine which of the two means of committing simple assault, or which of the four aggravating factors, provided the basis for Williams' aggravated assault conviction because the facts underlying his conviction are not in the record.[3] Where this occurs, the Court must determine whether "the least of [the] acts" described in the statute can serve as a predicate offense for the career offender enhancement. See Johnson v. United States, 559 U.S. 133, 137 (2010) ("Johnson I"). If so, then Williams' aggravated assault conviction serves as a predicate offense for enhancement, regardless of which subpart provided the basis for his conviction. "If not, then his conviction cannot serve as a predicate offense *unless the district court later determines under the modified categorical approach, with the benefit of further evidence and argument*, that [Williams] was convicted under a subpart of the [aggravated assault] statute that constitutes a violent felony." Jones, 2016 WL 3923838, at *4 (emphasis added).

Respondent contends that each of the four aggravators listed in the Georgia statute "involves violent physical force which must be done in conjunction" with a simple assault. Doc. 42 at 9. Williams argues that under relevant precedent, it is possible to commit the crime of aggravated assault in Georgia without using

---

[3] As respondent points out, the PSR indicated that Williams' Georgia conviction was based on facts involving him holding a knife to his wife's throat. However, as noted above, the PSR is not an allowable Shepard document.

violent physical force as required by the force clause of the Guidelines.

As relevant to the force clause of the Guidelines, "in the context of a statutory definition of 'violent felony' [or 'crime of violence'], the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another." Johnson v. United States, 559 U.S. 133, 140 (2010) ("Johnson I"). Williams argues that the second subsection of the Georgia simple assault statute, even when combined with an aggravating factor, is "the least of [the] acts" for purposes of the aggravated assault statute which can serve as a predicate offense for the career offender enhancement. See doc. 40 at 7-8 (citing Johnson I, 559 U.S. at 137). That subsection provides that a person commits a simple assault when he "commits an act which places another in reasonable apprehension of immediately receiving a violent injury." O.C.G.A. § 16-5-20(a)(2). Williams contends that this second subsection of the simple assault statute describes a general intent crime, as opposed to the specific intent crime described within the first subsection. Consequently, Williams argues, aggravated assault (which requires, as an element, the commission of simple assault by only one of the two means) cannot categorically require the use of force necessary to fall under the Guidelines' force clause.

In support of this argument, Williams cites <u>Kirkland v. State</u>, 638 S.E.2d 784, 785-87 (Ga. 2006).[4] In that case, the Supreme Court of Georgia held that under O.C.G.A. § 16-5-20(a)(2), "[t]he crime of aggravated assault . . . is established by the reasonable apprehension of harm by the victim of an assault . . . rather than the assailant's intent to injure." <u>Id.</u> at 786 (citing <u>Smith v. State</u>, 629 S.E.2d 816, 818 (Ga. 2006)). Thus, under the second subsection of the Georgia assault statute, the mental state of the defendant is not elemental; rather, the reaction of the victim is the focus of the inquiry. Thus, in <u>Kirkland</u>, the Georgia Supreme Court upheld the defendant's conviction of aggravated assault even though the evidence failed to establish that he acted with specific intent to harm the victim, where the victim was "dragged alongside [the defendant's] car . . . [and] feared for his life." <u>Id.</u> at 785.

The Supreme Court has held that the language of the force clause "naturally suggests a higher degree of intent than negligent or merely accidental conduct." <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 2 (2004). Thus, the <u>Leocal</u> Court held that a conviction for driving under the influence was not a "crime of violence" under an identically-worded statute. <u>Id.</u> The Court therefore finds Williams' argument persuasive. Under the least of the acts described in Georgia's aggravated assault statute, it is possible for a person (such as the defendant in <u>Kirkland</u>) to be convicted of the crime in

---

[4] As Williams points out, in applying <u>Johnson I</u>'s definition of physical force, the Court is "bound by how the [state's highest court] has interpreted" the aggravated assault statute. <u>Jones</u>, 2016 WL 3923838, at *5.

9

a manner which would not satisfy the force clause for purposes of relevant precedent, because no "higher degree of intent" than negligence would necessarily be required. See Leocal, 543 U.S. at 2. Therefore, at step one of this two-step inquiry, the Court finds that Georgia's aggravated assault statute "is divisible, such that some categories of proscribed conduct render an [enhancement appropriate] and some do not." Moreno, 821 F.3d at 227.[5]

### E. The Court is Unable to Determine the Category of Conduct of Which Williams Was Convicted

The second step of the modified categorical approach inquiry requires the Court to "consult the record of conviction to ascertain the category of conduct of which the [defendant] was convicted." Moreno, 821 F.3d at 227 (2d Cir. 2016). The government bears the burden of establishing that Williams' predicate offenses qualify as crimes of violence under the Guidelines. See generally United States v. Roy, 550 F. App'x 17, 20 (2d Cir. 2013). However, respondent has not provided any acceptable Shepard documents.

---

[5] Williams also argues that the Georgia Supreme Court's decision in Dyer v. State, 695 S.E.2d 15 (Ga. 2010), in which it upheld an aggravated assault conviction where the defendant placed rat poison on the victim's crack pipe, leads to a holding that "no *violent physical force* is required" under the Georgia statute. Doc. 40 at 7. This reasoning, however, has been rejected by the Supreme Court and the Second Circuit. See United States v. Castleman, __ U.S. __, __, 134 S.Ct. 1405, 1415 (2014) (holding that the use of physical force can encompass acts undertaken to cause physical harm, even when the harm occurs indirectly (as with poisoning) "rather than directly (as with a kick or punch))"; United States v. Hill, 2016 WL 4120667, *6 (2d Cir. Aug. 3, 2016) (citing Vargas-Sarmiento v. United States Dep't of Justice, 448 F.3d 159, 175 (2d Cir. 2006) (observing, in the context of [the identically-worded 18 U.S.C.] § 16(b), that the Court was "not persuaded by [the] argument that first-degree manslaughter is not a crime of violence when it is committed by a person who intentionally poisons the food of an unwitting victim rather than by a person who directly injects the poison into his victim's arm[, as i]n either situation, the killer has intentionally availed himself of the forceful physical properties of poison to cause death")).

Consequently, the Court is unable to complete its inquiry at step two.

Respondent is directed to submit to the Court such Shepard documentation as it deems relevant, see Shepard, 544 U.S. at 26, within 30 days of the date of this order. See, e.g., United States v. Harris, 2016 WL 4539183, *6 (M.D. Pa. Aug. 31, 2016) (granting government the opportunity to produce Shepard documents where record was unclear as to whether predicate offense constituted violent felony); see also United States v. Dantzler, 771 F.3d 137, 149 (2d Cir. 2014) ("Upon remand, if the Government renews its request to the District Court that it apply the mandatory minimum sentence prescribed by the ACCA, it must submit materials consistent with Taylor and Shepard to demonstrate that Dantzler's two robbery convictions were committed on separate occasions.") (collecting relevant cases); United States v. Serrano-Mercado, 784 F.3d 838, 851 (1st Cir. 2015) ("When the court erroneously relies on a conviction whose character cannot be determined without Shepard-approved documents, the defendant's sentence must be vacated and the case remanded for resentencing. The government will then ordinarily have the opportunity to substantiate that the conviction was for an offense that qualifies as a predicate for enhancement. If the government cannot do so, the enhancement is impermissible.").

### III. Conclusion

For the foregoing reasons, the Court reserves decision on Williams' motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 37). Respondent is directed to produce, within 30 days of the date of this order, such Shepard documentation as it deems relevant to the issue of whether Williams' Georgia aggravated assault conviction qualifies as a "crime of violence" within the meaning of the Guidelines.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   September 20, 2016
         Rochester, New York.